IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOHANA GABRIEL AMOM,       )
                           )
         Petitioner,       )
                           )
    v.                     )    Case No. 25-3205-JWL
                           )
C. CARTER, Warden, FCI-Leavenworth,  )
                           )
         Respondent.       )
                           )
_____)

# MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner entered the United States in 1999 and became a lawful permanent resident in 2003. Petitioner was convicted of separate crimes in 2009, 2020, and 2024, however, and removal proceedings were initiated against him in January 2025. Petitioner was alleged to be a native and citizen of Sudan in those proceedings. On March 21, 2025, an immigration judge denied petitioner's applications for relief and ordered his removal to Sudan. Petitioner filed an appeal, but he withdrew that appeal by letter of June 16, 2025. Petitioner is presently detained within this judicial district. On September 23, 2025, petitioner filed the instant habeas action; respondents have filed an answer to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his detention has become unreasonably indefinite and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the initial 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and

>   the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

>   After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

As a preliminary matter, the Court rejects respondents' argument that the presumptively-reasonable period of six months has not elapsed since the appellate board recognized the withdrawal of petitioner's appeal in July 2025. As petitioner notes, when an appeal is withdrawn before an appellate decision, the initial decision is deemed final "to the same extent as if no appeal had been taken." *See* 8 C.F.R. § 1003.4. If no appeal had been taken here, the removal order would have become administratively final on April 20,

3

2025, the deadline for an appeal. *See id.* § 1241.1(c). Thus, it appears that the removal period began on that date, more than six months ago. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

Respondents have shown, however, that the removal period may be extended and petitioner may be detained during that extended period because petitioner has acted affirmatively to prevent his removal. *See id.* § 1231(a)(1)(C). According to respondents' evidence, which petitioner has failed to controvert, a travel document for petitioner was received from South Sudan in August 2025 (after Sudan advised that petitioner was not a citizen of that country); petitioner was scheduled for removal in October 2025, after officials determined that petitioner could not meet the threshold for relief from removal to South Sudan; and petitioner refused to comply with an order to board an aircraft for removal. Accordingly, petitioner's continued detention pending removal is authorized by the applicable federal law.

Moreover, the Court finds that petitioner cannot satisfy the *Zadvydas* standard, as petitioner has failed to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" in his case. As noted, officials have already obtained a travel document for petitioner and have scheduled his removal on at least one occasion. Accordingly, the Court denies petitioner's claim that his detention has become unreasonably indefinite.[1]

---

[1] In addition, to the extent that petitioner has attempted to assert a separate due process claim, the Court rejects such a claim, as petitioner has not shown that he has not had the opportunity to challenge his removal to South Sudan.

4

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of November, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge